IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

    Plaintiff,

v.

PATHWAYS PERSONNEL AGENCY, INC., *et al.,*

    Defendants.

No. C 12-04876 SI

**ORDER GRANTING DEFENDANT PATHWAYS PERSONNEL AGENCY, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND**

Currently before the Court is a motion to dismiss by defendant Pathways Personnel Agency, Inc. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for December 7, 2012. For the reasons set forth below, the Court GRANTS defendant's motion and GRANTS plaintiff leave to amend the complaint. Any amended complaint must be filed by **December 21, 2012**.

**BACKGROUND**

In June of 2008, Leddy Maytum Stacy Architects ("Insured") and defendant Pathways Personnel Agency, Inc. ("Pathways") entered into an agreement whereby Pathways would "locate, screen, and proffer candidates" for an administrative position at the Insured's office in exchange for a fee of $9,750.00. Compl. ¶¶ 14-15. In July of 2008, based on Pathways's recommendation, the Insured hired Donna Wainwright ("Wainwright") as an office manager and bookkeeper. Compl. ¶ 16. The Insured

provided Wainwright with a company credit card and access to the Insured's bank accounts to facilitate Wainwright's duties. Compl. ¶ 16. In September 2010, the Insured received an anonymous package containing documents regarding Wainwright's guilty plea to aggravated theft charges in 2001. Compl. ¶ 17. Thereafter, the Insured confirmed Wainwright's criminal history, and discovered that Wainwright was misappropriating funds from the Insured for her own personal use. Compl. ¶ 18-19. Pursuant to an insurance policy with plaintiff Travelers Property Casualty Company of America ("Travelers"), Travelers indemnified the Insured in the amount of $146,288.65 for losses incurred as a result of Wainwright's actions. Compl. ¶ 22.

On September 17, 2012, Travelers, whose principal place of business is located in Hartford, Connecticut, filed this action against California defendants Pathways and Wainwright. Compl. ¶¶ 1-4. Travelers seeks to recover in subrogation against defendants for the loss paid to the Insured, alleging causes of action for negligence, breach of contract, and breach of implied warranty against Pathways, and conversion, fraud, and misrepresentation against Wainwright. Compl. ¶¶ 13-54. Pathways now moves to dismiss this case under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los*

*Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Travelers seeks to enforce its subrogation rights and recover from Pathways for a loss incurred by the Insured. Subrogation permits an insurer who has paid its insured's loss caused by a third party to pursue the insured's rights and remedies against the third party. *Employers Mut. Liab. Ins. Co v. Tutor-Saliba Corp.*, 17 Cal. 4th 632, 639 (1998).

Pathways contends that Travelers's complaint fails to state sufficient facts to establish its rights to subrogation against and recovery from Pathways. Mot. at 6. An insurer seeking recovery from a third party who dealt with the direct wrongdoer can enforce its subrogation rights only if it has superior equities to those of the third party. *State Farm Gen. Ins. Co. v. Wells Fargo Bank, N.A.*, 143 Cal. App. 4th 1098, 1108 (2006). The insurer's equities are superior to the third party's equities when the third party was in a better position than the insured to avoid the loss suffered by the insured. *Id.* at 1113.

Travelers argues that Pathways was in a better position to avoid the loss because Pathways was obligated to "locate, screen, and proffer candidates" for hire, Compl. ¶ 14, and its failure "to properly screen its candidates," Compl. ¶ 26, caused the economic loss suffered by the Insured. Opp'n at 3. However, "the court must differentiate between primary and secondary causes of loss to determine whether the third party was in a better position to avoid the loss." *State Farm*, 143 Cal. App. 4th at 1108 (citing *Cont'l Ins. Co. v. Morgan, Olmstead, Kennedy & Gardner, Inc.*, 83 Cal. App. 3d 593, 603-04

(1978)). Whether a third party's alleged acts "were related to or contributed to the primary cause of loss" is a significant factor in weighing the equities. *Id.* at 1118.

Here, Travelers's complaint fails to allege specific facts regarding Pathways's obligation to screen candidates under the agreement between Pathways and the Insured. Travelers does not attach the agreement, nor does it state whether the agreement was written or oral. In addition, there are no allegations in the complaint or evidence attached thereto establishing that the Insured's reliance on Pathways to properly screen Wainwright caused the Insured to place her in a position where she could misappropriate the Insured's funds. As such, the complaint fails to establish how Pathways's alleged failure to abide by the agreement was related to or contributed to the primary cause of the loss. Accordingly, the Court GRANTS Pathways's motion to dismiss and GRANTS Travelers leave to amend the complaint to plead facts that are sufficient to establish Travelers's rights to subrogation and recovery against Pathways.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant Pathways's motion to dismiss and GRANTS Travelers leave to amend the complaint. If Travelers wishes to amend the complaint, it must file an amended complaint by **December 21, 2012**. Docket No. 10.

**IT IS SO ORDERED.**

Dated: December 5, 2012

SUSAN ILLSTON
U.S. District Judge

4