# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br>v.<br>PATHWAYS PERSONNEL AGENCY, INC., et al.,<br><br>Defendants. | No. C 12-4876 MEJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**Re: Docket No. 28** |

## INTRODUCTION

Pending before the Court is Defendant Pathways Personnel Agency's ("Pathways") Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 28. The Court finds this motion suitable for disposition without oral argument and VACATES the February 21, 2013 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS Pathways' motion for the reasons set forth below.

## BACKGROUND

The following factual background is taken from Plaintiff Travelers Property Casualty Company of America's ("Travelers") First Amended Complaint ("FAC"). Dkt. No. 24. Pathways is engaged in the business of corporate and legal staffing services. *Id.* ¶ 3. On July 1, 2008, Leddy Maytum Stacy Architects ("Leddy") hired Defendant Donna Wainwright (via Pathways' referral) as an office manager/bookkeeper. *Id.* ¶ 15. As part of Wainwright's employment, Leddy provided Wainwright with a company credit card for company-related purchases and also gave her limited access to company bank accounts that was restricted to depositing checks and transferring funds between checking and savings accounts. *Id.* ¶ 16. Wainwright was not authorized to sign checks, withdraw funds, or make personal purchases with company funds. *Id.*

On September 13, 2010, Leddy received an anonymous package containing documents indicating that Wainwright had a long history of fraud and embezzlement, including documents alleging that Wainwright had pleaded guilty to aggravated theft charges in 2001. *Id.* ¶ 17. Leddy subsequently performed a background check and confirmed that Wainwright had a criminal history. *Id.* ¶ 18. After conducting an internal investigation, Leddy discovered clear patterns that Wainwright had been engaged in misappropriating funds from Leddy's firm for her personal use, including unauthorized credit card charges and checks written to or on behalf of Wainwright from Leddy's petty cash account. *Id.* ¶ 19.

Travelers is an insurer, which was obligated under a policy of insurance to Leddy. *Id.* ¶ 12. As Leddy's insurer, Travelers was obligated to indemnify Leddy from any loss, damages, or claims relating to its commercial property. *Id.* Travelers paid Leddy $146,288.65 for losses incurred as a result of Wainwright's acts. *Id.* ¶ 22.

On September 17, 2012, Travelers filed this action against Pathways and Wainwright. Compl. ¶¶ 1-4, Dkt. No. 1. Travelers sought to recover in subrogation against Defendants for the loss paid to the Leddy, alleging causes of action for negligence, breach of contract, and breach of implied warranty against Pathways, and conversion, fraud, and misrepresentation against Wainwright. *Id.* ¶¶ 13-54. On October 29, 2012, Pathways moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. No. 10.

On December 5, 2012, the Court granted Pathways' motion with leave to amend. Dkt. No. 23. The Court found that Travelers's complaint failed to allege specific facts regarding Pathways' obligation to screen candidates under the agreement between Pathways and Leddy, noting that Travelers did not attach the agreement, nor did it state whether the agreement was written or oral. Order at 4. In addition, the Court found that there were no allegations in the complaint or evidence attached thereto establishing that Leddy's reliance on Pathways to properly screen Wainwright caused Leddy to place her in a position where she could misappropriate Leddy's funds. *Id.* As such, the complaint failed to establish how Pathways' alleged failure to abide by the agreement was related to or contributed to the primary cause of the loss. *Id.* In granting Pathways' motion, the Court

2

1 permitted Travelers leave to amend the complaint to plead facts that are sufficient to establish
2 Travelers' rights to subrogation and recovery against Pathways. *Id.*

3   Travelers filed its FAC on December 21, 2012. Dkt. Nos. 1, 24. Travelers' FAC includes
4 causes of action for negligence, breach of contract, and breach of implied warranty express against
5 Pathways; and conversion, fraud, and misrepresentation against Wainwright. Dkt. No. 24. Travelers
6 alleges that Pathways had a duty to use reasonable care in screening and interviewing potential
7 candidates for hire and should have known that Wainwright had a history of criminal financial
8 misconduct. *Id.* ¶ 20.

9   Pathways filed the present Motion to Dismiss on January 11, 2013. Dkt. No. 28. In its
10 Motion, Pathways argues that Travelers has failed to allege facts establishing its right to pursue
11 subrogation against Pathways because the direct cause of loss was Wainwright's conduct, and the
12 FAC does not allege that any failure on the part of Pathways to "properly screen" Wainwright was a
13 primary cause of the loss. Mot. at 2. Pathways further argues that Travelers' causes of action for
14 negligence, breach of contract, and breach of implied warranty express are time barred and fail to
15 allege sufficient facts to state claim upon which relief can be granted. *Id.*

16 **LEGAL STANDARD**

17   A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim
18 upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint,
19 which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch*
20 *LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule
21 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more
22 than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
23 do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265,
24 286 (1986)).

25   Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must
26 instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A
27 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
28

3

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

Pathways argues that Travelers has failed to allege facts sufficient to establish a right to seek subrogation because it has failed to establish that Travelers has superior equities in this matter. Mot. at 5. Under California law, subrogation permits an insurer who has paid its insured's loss caused by a third party to pursue the insured's rights and remedies against the third party. *Employers Mut. Liab. Ins. Co v. Tutor-Saliba Corp.*, 17 Cal. 4th 632, 639 (1998). An insurer seeking recovery from a third party who dealt with the direct wrongdoer can enforce its subrogation rights only if it has superior equities to those of the third party. *State Farm Gen. Ins. Co. v. Wells Fargo Bank, N.A.*, 143 Cal. App. 4th 1098, 1108 (2006). The insurer's equities are superior to the third party's equities when the third party was in a better position than the insured to avoid the loss suffered by the insured. *Id.* at 1113.

In its Opposition, Travelers argues that Pathways' obligation was to properly screen the employees via background checks, and that its failure to do so was related to the primary cause of the loss because Pathways was supposed to act as the primary check against the hiring of dishonest

4

employees. Pl.'s Opp'n. at 4, Dkt. No. 32. In its FAC, Travelers alleges that Pathways "knew and intended that their candidates for employment would be placed in administrative positions, and that it would be necessary for such candidates to possess integrity and honesty when dealing with his/her job duties including . . . check writing, credit card use and payments thereof, and/or petty cash disbursements." FAC ¶ 11. Travelers further alleges that Pathways "advertised on their Internet Home page, as well as the Client section of their website . . . that they provide 'highly qualified professionals across a wide range of professional areas' and to 'find the best candidate for each job,' and that 'as part of their services, they would 'find and recruit high-quality, experienced, successful candidate [sic] for positions.'" *Id.* Travelers argues that Leddy relied upon these representations to its detriment and placed Wainwright in a position of trust. Opp'n at 4. Had it been made aware of her prior felony conviction, Travelers argues that Leddy would not have hired her for the position. *Id.*

Although Travelers argues that Pathways was in a better position to avoid the loss because Pathways was obligated "to properly screen the employees via background checks," the Court "must differentiate between primary and secondary causes of loss to determine whether the third party was in a better position to avoid the loss." *State Farm*, 143 Cal. App. 4th at 1108 (citing *Cont'l Ins. Co. v. Morgan, Olmstead, Kennedy & Gardner, Inc.*, 83 Cal. App. 3d 593, 603-04 (1978)). Here, despite being granted the opportunity to do so, Travelers has failed to establish Pathways' obligation to screen candidates in the manner it alleges under the agreement between Pathways and Leddy. Travelers argues that "[d]uring negotiations of the contract and discussions concerning [Leddy's] needs, representatives from Defendants Pathways represented that Defendant Wainwright was a highly qualified, experienced and successful candidate for the position of office manager/bookkeeper," Opp'n at 5, but there is no allegation that Pathways was to be the primary check against the hiring of dishonest employees or that conducting a criminal investigation for the purpose of excluding potential dishonest employees was a term of the agreement between Pathways and Leddy.

Further, the primary cause of loss is clearly Wainwright. Even though Travelers argues that

Pathways' failure to properly screen Wainwright was related to the primary cause of loss, California law holds that the doctrine of subrogation does not apply "in favor of a surety on a fidelity bond [such as Travelers], except only against persons who participated in the wrongful act of the wrongdoer." *Myers v. Bank of Am.*, 11 Cal. 2d 92, 102 (1938). There are no allegations contained in the FAC indicating that Pathways participated in the act of Wainwright's misappropriation of funds from Leddy. Finally, in order for the fault of the third person to be "related" to the "primary cause" of the loss, the conduct of the third party must have promoted or encouraged the fraud. *Cont'l Ins.*, 83 Cal. App. 3d at 593. There are no facts alleged that Pathways promoted or encouraged Wainwright to misappropriate funds.

In short, taking the facts in the light most favorable to Travelers, the Court finds that Travelers has failed to establish that its equities could be considered superior to that of Pathways.

## CONCLUSION

Based on the analysis above, the Court GRANTS Pathways' Motion to Dismiss. As the case remains pending against Wainwright, the Court shall conduct a case management conference on March 7, 2013. The parties shall file a joint case management conference statement by February 28, 2013.

**IT IS SO ORDERED.**

Dated: February 6, 2013

_____
Maria-Elena James
Chief United States Magistrate Judge